UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK CHEATUM,

    Petitioner,

v.                                         Case No. 2:06-cv-286
                                               HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Mark Cheatum filed this petition for writ of habeas corpus challenging the validity of his jury conviction of assault and battery on a prison employee. Petitioner was convicted on April 8, 2004, and on April 26, 2004, was sentenced as a second habitual felon to a term of three to six years imprisonment.

Petitioner maintains that his parole revocation was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

> I. There was insufficient evidence presented at trial to prove Mr. Cheatum was guilty beyond a reasonable doubt of all the elements of assault and battery on a prison employee.

> II. The defendant was denied a fair trial when the court failed to instruct the jury on the definition of violence allowing the jury to believe all they needed to decide was whether defendant Cheatum spit on Deputy Cerka.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner first argues that there existed insufficient evidence to convict him of intent to assault or that he actually committed the assault. The Michigan Court of Appeals disagreed, stating:

Defendant first argues that the prosecution presented insufficient evidence to convict him of assault of a prison employee pursuant to MCL 750.197c. When we review a claim of insufficient evidence we "view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Johnson,* 460 Mich 720, 723; 597 NW2d 73 (1999) (citations omitted). In order to establish the crime of assault of a prison employee, the prosecution must show the following elements: 1) defendant was lawfully imprisoned or confined 2) in a jail or other lawful place 3) through the use of violence, threats of violence, or dangerous weapons 4) assaults an employee of the place he is confined 5) knowing that the person was an employee of the place of confinement. MCL 750.197c.

The parties stipulated to the first two elements of the crime and defendant's testimony verified that he knew the officer was a prison employee. Therefore, the only elements at issue are the assault and violence elements. Assault is an attempt to commit a battery or an unlawful act that places another person in reasonable apprehension of receiving an immediate battery. *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996), citing *People v Robinson*, 145 Mich App 562, 564; 378 NW2d 551 (1985). Assault is a specific intent crime, therefore the prosecutor must prove that defendant intended to spit. The existence of an injury is irrelevant. *Terry, supra,* at 662-663, citing *People v Datema,* 448 Mich 585, 592, n 8; 533 NW2d 272 (1995). "The intent of the defendant may be established by circumstantial evidence." *Terry, supra,* at 663, citing *People v Barclay,* 208 Mich App 670, 674; 528 NW2d 842 (1995). Violence in assaults is "any wrongful application of physical force against another person so as to harm or embarrass him" *People v Boyd,* 102 Mich App 112, 116; 300 NW2d 760 (1980).

Defendant was housed in the maximum security section of the prison on November 20, 2003. That day, officers responded to a report of a disturbance on the second floor of the prison. Officers discovered defendant throwing his bin. Officers ordered defendant [to] return to his cell and "lock down." Defendant initially refused and swore, but eventually submitted when other officers arrived to assist. After securing the area Deputy Jason Cerka finished his rounds and returned to defendant's cell. Defendant called Cerka a vulgar name and as Cerka turned to face defendant, defendant spit at his face. Cerka reported that defendant's saliva hit his mouth, nose, arm, and glasses.

At trial, Cerka testified that defendant spit on his face and described the events leading up to the incident. Several officers corroborated Cerka's testimony regarding the events leading up to the incident. Two officers testified that they saw Cerka wiping saliva from his face. There was also testimony that after the incident defendant stated that next time he intended to throw urine at the officers. Officers searched defendant's cell and found an apple juice container that smelled like urine. The prosecution did not preserve the actual saliva on the officer's shirt and did not present video evidence from security cameras.

The jury is allowed to consider all circumstantial evidence and draw reasonable inferences from that evidence. *People v Avant,* 235 Mich App 499, 505; 597 NW2d 864 (1999), citing *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). Based on the testimonial evidence of the officers and other circumstantial evidence, there was sufficient evidence for a rational trier of fact to conclude beyond a reasonable doubt that defendant had assaulted the officer with violence.

A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify *any* rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. The evidence when taken in the light most favorable to the prosecution could establish that petitioner possessed intent to assault with violence when he spit on the corrections officer. The Michigan Court of Appeals' decision was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner also asserts that the trial court failed to instruct the jury on the definition of violence rendering the trial unfair. The Michigan Court of Appeals rejected petitioner's claim explaining:

> Defendant next argues that the trial court erred by failing to instruct the jury regarding the definition of violence as it is set out in CJI2d 17.14. Although defendant objected to the jury instructions at trial, he did so on different grounds. Therefore the issue is not preserved for our review. See *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2204). We review unpreserved claims concerning improper jury instructions for plain error affecting substantial rights. *People v Carines,* 460 Mich 750, 763; 597 NW2d 130 (1999). Further we review jury instructions as a whole to determine if manifest injustice occurred. *People v Head,* 211 Mich App 205, 210; 535 NW2d 563 (1995). Even if the instructions are somewhat imperfect, no error exists if the instructions fairly present to the jury the issues to be tried and sufficiently protect the defendant's rights. *Id*. at 210-211. An omission in the jury instructions does not create an error if the charge as a whole covers the substance of the omitted instruction. *People v Canales,* 243 Mich App 571, 574; 624 NW2d 439 (2000).
>
> When the "touch" is at issue in a battery, CJI2d 17.2n1 states that the trial court should advise the jury regarding the definition of violence set forth in CJI2d 17.14, "the use of physical force against another person so as to harm or embarrass." Here, the trial court instructed the jury that battery is a "forceful, or violent, or offensive touching . . ." The trial court also explained to the jury that an assault is an attempted battery or making the officer reasonably fear an immediate battery. The trial court also instructed the jury that the crime of assault is a specific intent crime and that defendant must intend to do the act. It did not instruct the jury on the definition of violence as it is set out in CJI2d 17.14.
>
> When we read the instructions as a whole, we find no error affecting substantial rights. Defendant was convicted pursuant to MCL 750.197c, which requires proof that he assaulted with violence. Although the trial court did not give the definition of violence, it did state that force, violence, or harm must be intended in the act, which is consistent with the requirements of the statute. If anything, the trial court's failure to give the definition raised the standard by which plaintiff could be convicted because the lay understanding of the term "violence" is not likely to include actions that only "harm or embarrass. Accordingly, no error occurred.

By failing to preserve the issue, petitioner was afforded only a plain error review in the Michigan Courts. Even though the Michigan Court of Appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989); *accord Federico v. Yukins*, No. 93-2424, 1994 WL 601408, at *3-*4 (6th Cir. Nov. 2, 1994), *cert. denied*, 514 U.S. 1038 (1995).

When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as result of the alleged federal violation or can show actual innocence. *Coleman*, 501 U.S. at 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 169 F.3d 1028, 1033 (6th Cir. 1999); *Rust*, 17 F.3d at 160-61. To show cause sufficient to excuse a failure to raise claims on direct appeal, petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Petitioner has not attempted to explain his failure to raise the issue in his *pro per* application in his direct appeal to the Michigan Supreme Court or to explain his failure to file a timely application for leave to appeal the decision on his second motion for relief from judgment to the Michigan Supreme Court. Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). Accordingly, because petitioner's claim is procedurally defaulted, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was

based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. It is clear that sufficient evidence was presented at trial to establish petitioner's conviction and petitioner cannot show a constitutional violation occurred as a result of the jury instructions. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 19, 2009